**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000379
30-MAY-2019
08:18 AM**

NO. CAAP-16-0000379

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMIE LEE NAPUA PIRES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-15-04353)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Jamie Lee Napua Pires (**Pires**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Kāne'ohe Division (**District Court**)[1] on April 6, 2016.  Pires was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2014).[2]  Pires contends that:

1.    the District Court erred by admitting her statement, "but I think I hit another car," because she was not

---

[1]    The Honorable James H. Ashford presided.

[2]    HRS § 291E-61 provides, in relevant part:

> (a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

advised her of her Miranda[3] rights and, alternatively, if the District Court did not err because the issue was waived, her defense counsel was ineffective for not filing a motion to suppress;

2.     the District Court erred by admitting her statement into evidence because the State failed to show that it was voluntarily given and not the product of coercion; and

3.     there was no substantial evidence to support her conviction.

For the reasons explained below, we affirm the Judgment.

On October 7, 2015, Pires was charged with OVUII because of an incident that happened on September 13, 2015.[4] She pleaded not guilty and was tried by the District Court on November 24, 2015.

Honolulu Police Department (**HPD**) officer Martin Min testified that at about 4:10 a.m. on September 13, 2015, he was assigned to investigate a motor vehicle accident. When he arrived at the scene he saw a Toyota 4Runner and a Ford Ranger pickup truck, both parked at the curb and both damaged on the driver's side. He also saw a gray bumper on the ground between the 4Runner and the Ford Ranger. A license plate, RTN 440, was attached to the bumper. He called the license plate number in and dispatch responded with the name and address of the registered owner.

HPD officer Charmaine Freeman testified that she heard HPD dispatch give the name and address of the registered owner of the license plate found by Officer Min. She investigated the fled-scene case and wanted to locate the vehicle and the driver. She went to the address given by dispatch and saw a vehicle in the driveway with a rear license plate number matching the license plate found at the scene of the accident. A woman was

---

[3]     Miranda v. Arizona, 384 U.S. 436 (1966).

[4]     Pires was also charged with refusing to submit to a breath, blood, and/or urine test in violation of HRS § 291E-68 (Supp. 2014), to which she pleaded no contest.

standing at the front of the vehicle smoking a cigarette. Officer Freeman did not know the woman. She asked the woman if she was "Jamie." The woman nodded her head indicating "yes." Officer Freeman asked the woman — whom she identified as Pires — if she was injured. Defense counsel objected based on Miranda. The District Court overruled the objection. Officer Freeman testified that Pires said, "No, but I think I hit another car." Officer Freeman asked Pires to extinguish her cigarette and to produce her driver's license and paperwork for her vehicle. Pires "appeared to be unsteady on her feet and her eyes were red and glassy." "As she walked towards . . . her vehicle to get her driver's license and her vehicle paperwork, she swayed a little bit . . . [a]nd her steps seemed calculated, like she had to think about it as she took each step." Officer Freeman "could detect a moderate odor resembling that of an alcoholic beverage coming from [Pires's] breath and her person."

At that point Officer Freeman asked HPD officer Douglas Dunkirk, who had arrived at the scene, to administer a field sobriety test (**FST**) on Pires. Pires declined to take the FST. Officer Dunkirk placed Pires under arrest and Officer Freeman transported Pires to the police station. The transport was uneventful. During the booking process the cigarette smell dissipated and the odor of alcohol from Pires became stronger. Officer Freeman also noticed that Pires had a red paper band on her right wrist that appeared to be a bracelet which, she explained, "identifies somebody over the age of 21 at a liquor establishment."

The State called Officer Dunkirk as a witness. Officer Dunkirk testified that he was Officer Freeman's backup. Officer Freeman asked him to conduct an FST on Pires. Pires's eyes were "glassy, watery looking, red. She was slightly unsteady on her feet[.]" Officer Dunkirk smelled "a moderate odor of alcohol" coming from Pires. Pires declined to take the FST. Officer Dunkirk placed her under arrest for OVUII.

The State rested. Defense counsel moved to strike Officer Freeman's testimony about Pires stating "I think I hit

another car" and moved for judgment of acquittal.  The District Court denied both motions.  The defense rested without presenting any witnesses.  After hearing closing arguments, the District Court found Pires guilty.  This appeal followed.

## I.

## A.

The <u>Miranda</u> rule "is a constitutionally prescribed rule of evidence that requires the prosecution to lay a sufficient foundation before adducing at trial evidence of statements made by a defendant subjected to custodial interrogation."  State v. Kazanas, 138 Hawai'i 23, 34, 375 P.3d 1261, 1272 (2016) (citation and original quotation marks omitted).  "A defendant seeking to suppress his or her statement at trial must establish that his or her statement was the result of (1) interrogation that occurred while he or she was (2) in custody."  Id. at 35, 375 P.3d at 1273 (citation and original quotation marks omitted).  The issue presented by Pires's first point of error is whether Pires was "in custody" when Officer Freeman asked her if she was injured.  We hold that she was not.

The difference between the facts of this case and the facts in State v. Melemai, 64 Haw. 479, 643 P.2d 541 (1982) illustrates why Pires was not "in custody" for Miranda purposes.  In Melemai, a jogger was struck by a pickup truck.  Eyewitnesses gave a police officer the license number and a description of the truck, which contained two occupants.  The officer radioed the license number to the police station and received Melemai's address and name.  The officer went to Melemai's address.  A truck arrived driven by Melemai, with a male occupant.  The truck matched the description given by the witnesses.  At the officer's request, Melemai came out of the truck and produced his driver's license.  The officer asked Melemai if he had hit anyone with his car, and Melemai answered affirmatively.  The officer then asked him why he ran away, and Melemai responded that he got angry when he saw the jogger and "went for him."  Melemai, 64 Haw. at 480,

643 P.2d at 543. Both questions were asked before <u>Miranda</u>
warnings were given.

Melemai was indicted. He filed a motion to suppress
the statements he made to the police officer, and moved to
dismiss the indictment. The trial court granted both motions,
ruling that <u>Miranda</u> warnings were required before the police
officer could question Melemai. The State appealed. The Hawai'i
Supreme Court reversed in part. The court held that the
determination whether a defendant was in custody requiring that a
<u>Miranda</u> warning be given "is to be made by objectively appraising
the totality of the circumstances" including "the place and time
of the interrogation, the length of the interrogation, the nature
of the questions asked, the conduct of the police, and all other
relevant circumstances." <u>Id.</u> at 481, 643 P.2d at 544 (citations
omitted).

> Among the relevant circumstances to be considered are
> whether the investigation has focused on the suspect and
> whether the police have probable cause to arrest him prior
> to questioning. While focus of the investigation upon the
> defendant, standing alone, will not trigger the application
> of the Miranda rule, it is an important factor in
> determining whether the defendant was subjected to custodial
> interrogation. Probable cause to arrest is also not
> determinative, but it may play a significant role in the
> application of the Miranda rule.

<u>Id.</u> (citations omitted). The court recited a description of "the
outer parameters beyond which on-the-scene interviews may not
proceed without Miranda warnings[,]" <u>id.</u> at 482, 643 P.2d at 544:

> Persons temporarily detained for brief questioning by police
> officers <u>who lack probable cause to make an arrest</u> or bring
> an accusation <u>need not be warned</u> about incrimination and
> their right to counsel, until such time as the point of
> arrest or accusation has been reached or the questioning has
> ceased to be brief and casual and become sustained and
> coercive[.]

<u>Id.</u> (emphasis added) (parentheses omitted) (citing <u>State v.
Patterson</u>, 59 Haw. 357, 581 P.2d 752 (1978) and quoting <u>People v.
Manis</u>, 268 Cal. App. 2d 653, 74 Cal. Rptr. 423 (1969)). The
court ultimately held:

> In the instant case, the officer knew that the jogger had been struck by a pickup truck with two occupants and also knew the vehicle's license number and its description. After obtaining the name and address of defendant, who was the vehicle's registered owner, the officer proceeded to defendant's address, and he waited for the defendant. Upon defendant's arrival, the officer noticed that the truck met the description given to him and was occupied by two persons. On the basis of the officer's knowledge and observation, we conclude that the investigation had focused upon the defendant, and that, <u>after defendant admitted his participation in the accident</u>, the police had probable cause to arrest.
>
> Inasmuch as the totality of circumstances created the kind of coercive atmosphere that Miranda warnings were designed to prevent, custody attached and Miranda warnings were required. Based upon our analysis, <u>[Melemai]'s answer to the first question</u> [if he had hit anyone with his car] <u>was admissible</u> while his answer to the second [why he ran away] was not.

<u>Melemai</u>, 64 Haw. at 482, 643 P.2d at 544 (emphasis added) (footnote omitted).

In this case, Pires was the subject of Officer Freeman's "fled scene" investigation because she was the registered owner of the car whose front bumper and license plate were found at the accident scene, where it was unclear whether any law had been violated[5] or whether the 4Runner or the Ford Ranger might have been at fault for the incident. When Officer Freeman arrived at Pires's address she saw that the rear license plate on Pires's car matched the license plate found at the accident scene. Pires was standing outside her car smoking a cigarette, but Officer Freeman did not know who Pires was. When Pires nodded her head "yes" to Officer Freeman's question whether she was "Jamie," there was no probable cause to arrest Pires because no witness had identified Pires as the driver of the car involved in the accident and Pires was not sitting in the driver's seat of her car when Officer Freeman arrived at her house.

---

[5]    HRS §§ 291C-13 (Supp. 2014), 291C-14 (2007 & Supp. 2014), and 291C-15 (Supp. 2014) would not have been violated if the person who was driving Pires's car had informed the owners of the 4Runner and the Ford Ranger of the driver's name and address, and the registration number of Pires's vehicle, before leaving the scene.

We hold that under the totality of circumstances, Pires was not "in custody" when Officer Freeman asked the second question ("are you injured?"). Officer Freeman was not required to advise Pires of her <u>Miranda</u> rights and the District Court did not err in admitting into evidence Pires's response, "No, but I think I hit another car." <u>Cf.</u> <u>Melemai</u> at 482, 643 P.2d at 544. <u>See also</u> <u>State v. Kaleohano</u>, 99 Hawaiʻi 370, 377, 56 P.3d 138, 145 (2002) ("if neither probable cause to arrest nor sustained and coercive interrogation are present, then questions posed by the police do not rise to the level of 'custodial interrogation' requiring Miranda warnings.") (quoting <u>State v. Ah Loo</u>, 94 Hawaiʻi 207, 210, 10 P.3d 728, 731 (2000)).

## B.

Pires alternatively contends that she was deprived of her constitutional right to effective assistance of counsel because her attorney did not file a pretrial motion to suppress her statement, "but I think I hit another car." Although the District Court did state that the "oral motion" was untimely after Pires's attorney objected to the State's question to Officer Freeman, "did [Pires] say anything at that point?", the District Court proceeded to rule on the merits of Pires's objection and concluded that Pires was not in custody for <u>Miranda</u> purposes at that time. The District Court correctly stated:

> I don't believe under the circumstances -- the totality of the circumstances expressed at this point [that] the situation was custodial. And I refer or I base that in part on the situation [sic] <u>State v. Melemai</u>, which is a fled scene kind of case. So the objection is overruled.

Pires was not deprived of effective assistance of counsel because a motion to suppress her statement would have been denied under the facts of this case.

## II.

Pires also contends that she was deprived of her right to due process under article I, section 5 of the Hawaiʻi Constitution because her statement "I think I hit another car"

was involuntary and coerced. The statement was made in response to Officer Freeman's question whether Pires was injured. Officer Freeman testified that her question was "very standard for a motor vehicle collision." We hold that Pires's statement was voluntary and not coerced. Cf. State v. Shinsato, No. CAAP-17-0000603, 2018 WL 2296245, at *2 (Haw. App. May 21, 2018) (SDO), cert. rejected, No. SCWC-17-0000603, 2018 WL 4692334 (Haw. Oct. 1, 2018) ("Officer Brissette asking why Shinsato was swerving, after informing Shinsato that he had observed Shinsato's car swerving, was straightforward and noncoercive, and therefore, did not rise to the level of interrogation requiring Miranda warnings. Accordingly, we conclude that the trial court erred in suppressing Shinsato's statement, 'I just came from a bar.'"). See also State v. Kuba, 68 Haw. 184, 188, 706 P.2d 1305, 1309 (1985) (where seizure of defendant was reasonable to investigate traffic violation, and investigating officer engages in legitimate, straightforward, noncoercive questioning to obtain information to issue traffic citation, there is no custodial interrogation and no Miranda warnings are required before officer begins asking questions); State v. Wyatt, 67 Haw. 293, 299-300, 687 P.2d 544, 549-50 (1984) (same).

## III.

Finally, Pires contends that there was insufficient evidence to support her conviction.

> The courts have long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. Substantial evidence is evidence which a reasonable mind might accept as adequate to support the conclusion of the fact finder. Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence. Thus, we need not necessarily concur with a trial court's particular finding in order to sustain a conviction.

State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) (citations and quotation marks omitted). The testimony of Officers Min, Freeman, and Dunkirk, when considered in the strongest light for the prosecution, was sufficient to support Pires's conviction.

For the foregoing reasons, the Judgment entered by the District Court on April 6, 2016, is affirmed.

DATED: Honolulu, Hawaiʻi, May 30, 2019.

On the briefs:

Hayley Y.C. Cheng,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge